UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE BARTON, on behalf of H.B, a minor child,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:14-cv-1209-EFB<br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her minor child's application for Supplemental Security Income ("SSI") child benefits under Title XVI of the Social Security Act. The parties' cross-motions for summary judgment are pending. For the reasons discussed below, plaintiff's motion is granted, the Commissioner's is denied, and the matter is remanded for further proceedings.

I.  BACKGROUND

On July 14, 2011, plaintiff filed an application for SSI on behalf of her minor child, who is referred to in this order as H.B or the claimant. Administrative Record ("AR") 127-135. The application was denied initially and upon reconsideration. *Id.* at 75-79, 83-87. On August 16, 2012, a hearing was held before administrative law judge ("ALJ") William Thompson. *Id.* at 31-

54. H.B. was represented by counsel at the hearing, at which he and plaintiff testified. *Id.*

On October 31, 2012, the ALJ issued a decision finding that H.B was not disabled under section 1614(a)(3)(C) of the Act.[1] *Id.* at 12-25. The ALJ made the following specific findings:

1. The claimant was born on October 12, 2000. Therefore, he was a school-age child on July 14, 2011, the date application [sic] was filed, and is currently a school-age child (20 CFR 416.926a(g)(2)).

2. The claimant has not engaged in substantial gainful activity since July 14, 2011, the application date (20 CFR 416.924(b) and 416.971 *et seq.*).

3. The claimant has the following severe impairments: Autism vs Asperger's syndrome (Autistic Disorder) and attention deficit hyperactive disorder (20 CFR 416.924(c)).

\* \* \*

---

[1] To qualify for disability child benefits, a child under the age of 18 must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(1). A three-step sequential evaluation governs eligibility for child benefits. 20 C.F.R. § 416.924. The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is conclusively presumed disabled. If not, the claimant is not disabled.

20 C.F.R. § 416.924.

At step three the determination of whether an impairment or combination of impairments functionally equals a listing requires the ALJ to assess the claimant in six "broad areas of functioning intended to capture all of what a child can or cannot do," which are referred to as "domains": "(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and, (vi) Health and physical well-being." 20 C.F.R. § 416.926a(b)(1)(i)-(vi). To functionally equal the listings, the child's "impairment(s) must be of listing-level severity; i.e., it must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain." 20 C.F.R. § 416.926a(a).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925, 416.926).

\* \* \*

5. The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 CFR 416.924(d) and 416.926a).

\* \* \*

6. The claimant has not been disabled, as defined in the Social Security Act, since July 14, 2011, the date the application was filed (20 CFR 416.924(a)).

*Id.* at 15-25.

Plaintiff's request for Appeals Council review of the ALJ's decision was denied on March 24, 2014, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-6.

II.   LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

1  III.     ANALYSIS

2       Plaintiff argues that the ALJ erred by (1) discrediting the statement from H.B.'s teacher;
3  (2) weighing the medical opinion evidence; and (3) finding that H.B.'s impairments did not meet
4  or medically equal the listings. ECF No. 18-1.

5       A.     The ALJ Properly Rejected the Opinion of the Claimant's Teacher

6       As found by the ALJ, plaintiff's mental and social functioning is impaired by Autism vs
7  Asperger's syndrome (Autistic Disorder) and attention deficit hyperactive disorder. Plaintiff first
8  contends that the ALJ failed to give adequate reasons for rejecting the opinion provided by H.B.'s
9  sixth grade teacher, Constance Dixon-Sorogane. *Id*. at 20-23.

10      Ms. Dixon-Sorogane completed a teacher questionnaire, which required her to rate the
11 claimant's ability to function in a number of broad areas, which are often referred to as domains.
12 AR 161-168; *see* 20 C.F.R. § 416.926a(a). She indicated that the claimant was reading at a fifth
13 grade level, writing below a second grade level, and performing math between a first and second
14 grade level. *Id*. at 161. She reported her observations that the claimant had "very serious"
15 problems in acquiring and using information and attending and completing tasks. *Id*. at 132-163.
16 Although she generally noted that he had less problems in interacting and relating with others,
17 moving about and manipulating objects, and caring for himself, Ms. Dixon-Sorogane still
18 assessed "very severe" problems in a number of tasks identified under these domains.

19      "[I]n the evaluation of child disability cases, the opinions of a child's teachers are highly
20 probative." *Meredith ex. Rel. D.H. v. Astrue*, 2011 WL 1303308, at *5 (E.D. Wash. Apr. 5,
21 2011). Under the applicable regulations, teachers are considered "other sources," *see* 20 C.F.R.
22 § 416.913(d), and their opinions must be considered and cannot be disregarded without comment.
23 *Stout v. Comm'r of Soc. Sec. Admin*., 454 F.3d 1050, 1053 (9th Cir. 2006). However, in rejecting
24 testimony from an "other source," the ALJ need only give germane reasons for doing so. *Molina*
25 *v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

26      Plaintiff contends that the ALJ failed to explicitly explain the weight he assigned to Ms.
27 Dixon-Sorogane's statement. ECF No. 18-1 at 21. Although the ALJ did not assign a specific
28 weight to Ms. Dixon-Sorogane's statement, he did specifically state that "it seems that the

1 claimant is perceived by . . . his teacher as functioning much lower than his actual capabilities
2 suggest." AR 18. It is clear from this statement that the ALJ rejected the functional limitations
3 suggested by Ms. Dixon-Sorogane.

4 In finding that Ms. Dixon-Sorogane overstated H.B.'s limitations, the ALJ relied on a
5 speech and language report completed by Sara Sauseda, a speech and language pathologist. *Id*.
6 Ms. Sauseda tested and evaluated the claimant's social skills. *Id*. at 582. She found that the
7 claimant's social and emotional awareness was average to above average when compared to
8 typically-developed children. *Id*. at 583. She found that the claimant's speech was age-
9 appropriate in terms of articulation, language, fluency, vocal quality, and pitch. *Id*. at 585. She
10 also found that plaintiff had average receptive social skills (ability to identify facial expressions
11 and body language), and above average expressive social skills (ability to identify and correct
12 social gaffes and recognize conflicts of interpersonal communications). *Id*. Significantly, she
13 also noted that while the results indicated that the claimant tested at the average to above average
14 level, his teacher assessed him in the low range. *Id*.

15 Thus, the speech and language report supports the ALJ's finding that the claimant was not
16 as limited as Ms. Dixon-Sorogane perceived him to be. *Marci v. Chater*, 93 F.3d 540, 543 (9th
17 Cir. 1996) ("[T]he ALJ is entitled to draw inferences logically flowing from the evidence.")
18 (quotation omitted). The ALJ was permitted to rely on the inconsistency between Ms. Dixon-
19 Sorogane's opinion and the results of Ms. Sauseda's evaluation in rejecting this lay opinion. *See*
20 *Harris v. Colvin*, 584 F. App'x 526, 528 (9th Cit.2014) ("The agency gave sufficiently 'germane'
21 reasons for discounting the statements of various lay witnesses because they were inconsistent
22 with the record . . . ."). Therefore, the ALJ provided a germane reasons for rejecting Ms. Dixon-
23 Sorogane's opinion.

24 Plaintiff's motion for summary judgment does not specifically address the ALJ's finding
25 that the limitations assessed by Ms. Dixon-Sorogane were at odds with the speech and language
26 report completed by Ms. Sauseda. Instead, plaintiff cites to other evidence in the record that
27 purportedly supports Ms. Dixon-Sorogane's assessment. Although the record clearly does
28 contain evidence supporting plaintiff's position, it is the ALJ's duty to resolve any conflict in the

5

1  evidence, and this court is not permitted to reweigh the evidence. Rather, the focus is on whether
2  there is substantial evidence in the record that can support the ALJ's finding. *See Matney v.*
3  *Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) ("The trier of fact and not the reviewing court must
4  resolve conflicts in the evidence, and if the evidence can support either outcome, the court may
5  not substitute its judgment for that of the ALJ"). Because the ALJ provided a germane reason
6  that is supported by the evidence in the record, the court will not disturb the ALJ's finding.

       B.      <u>The ALJ Erred in Relying on the State Agency Reviewing Physician's Opinion</u>

Plaintiff next argues that the ALJ failed to apply the proper legal standard in evaluating the medical opinion evidence. ECF No. 18-1 at 24-30. First, plaintiff argues that the ALJ failed to give legally sufficient reasons for rejecting the opinion of Dr. Asaikar, the claimant's treating physician. *Id.* at 25-27. Second, plaintiff argues that in relying on the opinion of Dr. O'Brien to find that claimant did not meet the listings, the ALJ failed to comply with the requirements of 42 U.S.C. § 1382c(a)(3)(I). ECF No. 18-1 at 27-30. The court declines to address plaintiff's first argument because, as explained below, even assuming that the ALJ properly rejected Dr. Asaikar's opinion, the ALJ failed to comply with 42 U.S.C. § 1382c(a)(3)(I) and therefore this matter must be remanded for further proceedings.

42 U.S.C. § 1382c(a)(3)(I) provides, in relevant part:

> In making any determination under this subchapter with respect to the disability of an individual who has not attained the age of 18 years..., the Commissioner of Social Security shall make reasonable efforts to ensure that a qualified pediatrician or other individual who specializes in a field of medicine appropriate to the disability of the individual (as determined by the Commissioner of Social Security) evaluates the case of such individual.

In *Howard ex rel. Wolff v. Barnhart*, a case reviewing the denial of SSI benefits to a minor, the Ninth Circuit interpreted section 1382c(a)(3)(I) "to mean that the ALJ is required to make a reasonable effort to obtain a case evaluation, based on the record in its entirety, from a pediatrician or other appropriate specialist, rather than simply constructing his own case evaluation from the evidence in the record." 341 F.3d 1006, 1014 (9th Cir. 2003). The court noted that the administrative record contained numerous reports from various experts, but explained that "[t]here is a distinction, however, between having an expert evaluate a claimant

with respect to that expert's particular specialty, and having an expert evaluate a claimant's case in its entirety, considering all of the medical records and determining whether those indicate that the claimant is disabled within the meaning of the Social Security Act." *Id*. at 1014 n. 2. Ultimately, the Ninth Circuit found that "[d]espite the various reports of doctors and specialists indicating their independent views of [the minor's] situation, at no point did the ALJ have her case evaluated as a whole, nor did he indicate that there was a 'case' evaluation in the record." *Id*. at 1014.

In response to *Howard*, the Social Security Administration issued Acquiescence Ruling 04-1(9). 69 FR 22578-03, 2014 WL 875081 (Apr. 26, 2004). That ruling provides that:

> For cases that are subject to this Ruling, ALJs and AAJs (when the Appeals Council makes a decision) must make reasonable efforts to ensure that a qualified pediatrician or other individual who specializes in a field of medicine appropriate to the disability of the individual (as identified by the ALJ or AAJ) evaluates the case of the individual. To satisfy this requirement, the ALJ or AAJ may rely on case evaluation made by a State agency medical or psychological consultant that is already in the record, or the ALJ or AAJ may rely on the testimony of a medical expert. When the ALJ relies on the case evaluation made by a State agency medical or psychological consultant, the record must include the evidence of the qualifications of the State agency medical or psychological consultant. In any case, the ALJ or AAJ must ensure that the decision explains how the State agency medical or psychological consultant's evaluation was considered.

69 Fed. Reg. at 22,580.

Plaintiff argues that the ALJ was not permitted to rely on Dr. O'Brien's opinion because it was rendered in February 2012, before all the evidence of record was submitted, and therefore he did not conduct a case assessment based on all the evidence in the record. ECF No. 18-1 at 28. Specifically, plaintiff contends that Dr. O'Brien did not have an opportunity to review updated school records, Dr. Asaikar's treating assessment, and a letter detailing the claimant's history of counseling, which described the claimant's "struggles with social phobia and anxiety . . . , difficulty with interpersonal relationship and inappropriate expressions of emotions . . . ." *Id*. Plaintiff also argues that the ALJ's reliance on Dr. O'Brien's opinion was inappropriate because the record does not include evidence of his qualifications. *Id*. at 29.

/////

1    The Commissioner does not dispute that Dr. O'Brien did not review the entire record, nor
2 does she contend that his opinion constitutes a "case" evaluation. *See Howard*, 341 F.3d at 1014.
3 The Commissioner also does not dispute that the record fails to include Dr. O'Brien's
4 qualifications or any evidence demonstrating that this non-examining physician "specializes in a
5 field of medicine appropriate to the disability of the claimant." *See* 69 Fed. Reg. at 22, 580.
6 Instead, the Commissioner argues that plaintiff overlooks the fact that the claimant's primary care
7 physician, Dr. Sherman, is a pediatrician. ECF No. 22 at 15-16. The Commissioner contends
8 that in light of the medical records from Dr. Sherman, plaintiff's "allegation that the record is
9 missing a comprehensive evaluation by a relevant specialist is simply untenable." *Id*. at 16. The
10 court disagrees.

11    The record contains treatment notes from Dr. Jamie Sherman. AR 611-618. While these
12 notes do not specifically identify Dr. Sherman's medical specialty, they do suggest that she is a
13 pediatrician. *See id*. at 611 (identifying the physician's department as "Sssa Peds Elk Laguna").[2]
14 However, even assuming Dr. Sherman is a pediatrician, that fact alone does not establish
15 compliance with 42 U.S.C. § 1382c(a)(3)(I). The statute does not simply require the record to
16 contain evidence demonstrating the child was evaluated or treated by a pediatrician. Instead, "the
17 ALJ is required to make a reasonable effort to obtain a case evaluation, based on the *record in its*
18 *entirety*, from a pediatrician or other appropriate specialist." *Howard*, 341 F.3d at 1014. The
19 eight pages of treatment notes from Dr. Sherman do not indicate that he conducted a case
20 evaluation based on all the evidence in the record. Nor do they establish that Dr. Sherman
21 reviewed the numerous education records or all of the claimant's medical records. Rather, they
22 simply document Dr. Sherman's treatment of the claimant, including his medical findings and
23 prescribed course of treatment. AR 611-618.

24    Thus, the record does not establish that the ALJ made a reasonable effort to obtain a case
25 evaluation by an appropriate specialist based on the entire record. Accordingly, the court finds

26 _____

27    [2] The Commission cites a Sutter Health website, which indicates that there is a
pediatrician by the name of Dr. Jamie Sherman that works at a Sutter Health facility off Laguna
28 Blvd. in Elk Grove, California. *See* http://sutterhealth.org/dr-jamie-sherman.html

that the ALJ failed to comply with the requirements of 42 U.S.C. § 1382c(a)(3)(I), and therefore this matter must be remanded for further proceedings.[3]

IV. CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further proceedings consistent with this order; and

4. The Clerk is directed to enter judgment in the plaintiff's favor.

DATED: September 30, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Because the matter must be remanded to permit the ALJ to acquire the necessary case evaluation, the court declines to address plaintiff's remaining argument.